# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SYDNEY TROUT, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-1684 (RBW) |
| | ) | |
| THE SELECT GROUP FEDERAL LLC, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will grant in part and deny without prejudice in part the parties' joint motion for approval of a collective action settlement. Accordingly, it is hereby

**ORDERED** that the parties' Joint Motion for Approval of Collective Action Settlement, ECF No. 34, is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** to the extent that it seeks approval of the "compromised monetary amounts to resolve [the plaintiffs'] pending wage and overtime claims." <u>Carrillo v. Dandan Inc.</u>, 51 F. Supp. 3d 124, 134 (D.D.C. 2014). The motion is **DENIED WITHOUT PREJUDICE** in all other respects. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is <u>not</u> a "final decision" as that term is used in 28 U.S.C. § 1291 (2018). <u>See</u> <u>St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev.</u>, 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); <u>id.</u> at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motion, which was reached only

(continued . . .)

**SO ORDERED** this 29th day of September, 2023.

                                                    REGGIE B. WALTON
                                                    United States District Judge

---

(. . . continued)
after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a Memorandum Opinion that explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Memorandum Opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").